**E. J. KELLER CO., Inc., v. COSMOPOLITAN SHIPPING CO., Inc.**

District Court, S. D. New York. May 7, 1928.

1. Shipping ⬤➾113—Bill of lading clause that lighterage, if required, should be at expense of cargo, held inapplicable where conditions did not necessitate lighters.

Clause of bill of lading providing that "lighterage, if required at port of discharge, to be a risk and expense of cargo," *held* inapplicable to discharge at port where conditions did not necessitate use of lighters.

2. Shipping ⬤➾113—Bill of lading clause regarding discharge of merchandise in event of congestion held inapplicable, where there was room on pier for merchandise.

Clause of bill of lading authorizing ship, in event of blockade or congestion, to proceed to nearest convenient port where discharge could be had, *held* inapplicable, where there was room on pier to receive libelant's merchandise.

3. Shipping ⬤➾113—Bill of lading clause regarding cessation of vessel's liability for goods on delivery into lighter held inapplicable, where use of lighters was not authorized.

Clause of bill of lading specifying time of cessation of vessel's liability for goods on their delivery from her tackles or deck, "whether such delivery be made to the consignee or into warehouse or lighter or on dock, or to shore cranes," *held* inapplicable, where use of lighters was neither authorized by bill of lading nor by existing conditions.

4. Shipping ⬤➾113—Carrier, sending consignee card that vessel was discharging goods at pier, waived right to rely on contradictory provisions in shipping documents.

Carrier, sending consignee card advising that ship which arrived that date carried goods consigned to consignee, and that vessel was discharging at certain pier, and that goods not called for within 48 hours after discharge would be stored at consignee's risk and expense, waived its right to rely on any contradictory provisions contained in shipping documents.

5. Shipping ⬤➾113—Carrier held liable for expense of discharging merchandise into lighters, where bill of lading did not authorize discharge into lighters.

Carrier *held* liable for expense incident to discharge of merchandise into lighters, where there was room on pier to receive merchandise, and there was no clause in bill of lading authorizing discharge into lighters immediately on arrival, and carrier had mailed consignee card informing him that vessel was discharging at certain pier, and that goods not called for within 48 hours after discharge would be stored at consignee's risk and expense.

In Admiralty. Libel by the E. J. Keller Company, Inc., against the Cosmopolitan Shipping Company, Inc. Decree for libelant.

Frederic H. Cowden, of New York City, for libelant.

Charles H. Tuttle, U. S. Atty., of New York City (George A. Washington, Sp. Asst. U. S. Atty., of New York City, of counsel), for respondent.

KNOX, District Judge. [1] None of the clauses of the bill of lading, here urged as a defense to libelant's suit, will serve that purpose. Section 20, which provides that "lighterage, if required at port of discharge, to be a risk and expense of cargo," evidently relates to discharge at ports where conditions necessitate the use of lighters. New York is not a port of that character.

[2] Section 30 is intended to cover a situation where, due to blockade or congestion, an immediate discharge of cargo is impracticable. In such event, the ship is authorized to proceed to the "nearest convenient port * * * where discharge can be had." The clause has no relevancy to the present controversy.

[3] Section 15 specifies the time of cessation of the vessel's liability for the goods upon their delivery, from her tackles or deck, "whether such delivery be made to the consignee or into warehouse or lighter or on dock, or to shore cranes." It is a general provision, designed to cover any one of varying methods of discharge which may be practiced at the different trading ports of the vessel. It is inapplicable where, as here, the use of lighters was neither authorized by the bill of lading nor by existing conditions.

[4] Sections 5 and 12 might have some pertinency, were it not for the postcard which respondent sent to libelant upon arrival of the vessels carrying the goods. That card, mailed on June 28, 1920, advised that the ship, which arrived that date, carried goods consigned to libelant. It also stated that the vessel was discharging at Pier No. 2, Hoboken, and that goods not called for within 48 hours after discharge would be stored at the consignee's risk and expense.

This information, as to the location of the ship and as to the time within which goods might be removed after discharge, entitled libelant to assume that its merchandise was being placed on the pier, and that it had 48 hours to remove the same. Respondent must be held to have waived its right to rely on any contradictory provisions contained in sections 5 and 12 of the shipping documents. Instead of following the method of discharge indicated by the postcard, which was received by libelant on June 30, 1920, the vessel on June 29th began placing the

merchandise on lighters, one of which went alongside on June 28th at 4 o'clock p. m.

[5] The nub of the whole matter is that respondent believed that the bills of lading under which the freight moved had been stamped with a provision reading as follows: "Goods herein mentioned to be discharged in barges or lighters immediately on arrival, at the receiver's expense." Consequently, on arrival of the vessel, discharge into lighters was shortly begun. So far as libelant's bills are concerned, respondent's belief as to their contents was erroneous. Respondent, nevertheless, as a condition for a release of the goods, exacted the cost of the lighters from libelant, and now seeks to justify its action by contending that the equivalent of the clause which was thought to have been stamped on the shipping documents was contained in their printed provision. This, in view of the recital of facts, should not be held to be true. There was room on the pier to receive libelant's merchandise, and libelant gave cause for belief that it would be discharged on the dock, and that libelant might govern itself accordingly. The expense incident to the discharge into lighters should be borne by respondent.

A decree for libelant may be submitted.